## McGARVEY *v.* HALL.

IF at the time of the execution and delivery of a promissory note, the payor also give the payee a bill of sale of personal property by way of mortgage to secure the note, and also deliver possession of the property, the payor has a right to have the property mortgaged applied in satisfaction of the debt; and if the payee sells any of the property he has a right to have the proceeds or value applied towards the satisfaction of the debt.

If the payee sells the note, the purchaser takes it subject to the equities subsisting between the original parties.

APPEAL from the Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

McGárvey *v.* Hall.

*William Holden,* for Appellant.

*Wm. Neely Johnson,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action brought by McGarvey upon a promissory note and an account against the defendant, assigned to him by one Dickson. The defendant in his answer, among other things, made the following averments: That at the time of making the promissory note he executed and delivered to Dickson a bill of sale intended as a mortgage, to secure the note, conveying all his interest in a certain sheep contract with S. C. Hastings, one hundred and fifty head of hogs, and four horses, and delivered the said property to Dickson; that the said property is worth $2,000; that afterwards Dickson and the defendant entered into a written agreement, which is copied into the answer, by which it was agreed that, in case the defendant did not sell before the first of October, he had sold to Dickson his interest in a flock of sheep belonging to S. C. Hastings; also his quarter ranch, and two tuns of hay thereon; Dickson agreeing to take the ranch, sheep, and hay for a fair valuation, to be determined by two or more men "that both might agree to;" Dickson to take the property as far as it would go on the debt of the defendant; that he did not sell said property on or before the first of October; that he has complied with said agreement on his part, and Dickson has failed and refused to comply on his part; and that his interest in the property described in this agreement is worth the sum of $1,500. The plaintiff moved to strike out this portion of defendant's answer, and the motion was sustained. The case was tried by the Court, findings in favor of the plaintiff were filed, and a judgment rendered accordingly, from which the defendant appeals.

It is clear that the defendant had a right to set up the execution and delivery of the bill of sale in the nature of a mortgage, and the fact of the delivery of the property therein named, as a defense. He had a right to have the property mortgaged applied in satisfaction of the debt. If the assignor, Dickson, had sold or disposed of

any of the property, the defendant was entitled to have the proceeds or the value thereof applied toward the satisfaction of his debt.   If the property still remained in the hands of Dickson, he had a right to have it sold under the order of the Court, and the proceeds applied in the same way.   The Court therefore erred in striking out that portion of the answer.

The execution of the subsequent agreement cannot be pleaded as an accord and satisfaction at common law, because there has been no acceptance of the property as a satisfaction, as required by the rules of law upon that subject.   (Chitty on Contracts, 658, 659.)

Nor can it be pleaded as a ground for equitable relief in the nature of a specific performance of the contract.   As a general rule, equity will not decree a specific performance of a contract respecting personal property.   There are some exceptions to this rule, relating to heir-looms, family jewels, and the like, when there is a peculiar value attached to the article, that cannot be compensated in damages.   In such cases, because of the especial value placed upon the property on account of its individual or associate qualities, equity will grant relief by decreeing a specific performance, or a delivery of the specific article.   (Fry on Specific Performances, Secs. 27–31.)   The present case does not come within the exceptions.

But the defendant had a clear right to set up this agreement in his answer, as a ground for damages which he had sustained by the non-performance of the contract on the part of Dickson; and he had a right to have such damages applied, by way of recoupment, upon the debt.   The Court therefore erred in striking out this part of the answer.

The judgment is reversed, the order striking out is set aside, and the cause remanded for a new trial.